# Separation of Probationary Title 38 Employees with Privileges

For probationary employees appointed under 38 U.S.C. 7401(1), the process begins with the proposed separation procedures contained in VA Handbook 5021, Part III, Chapter 1.  This process requires that prior to the separation of a Title 38 employee for reasons of performance or conduct, a summary review of the employee's performance be conducted by a Professional Standards Board (PSB.)  *(Note: this is different than credentialing committees at the facility that may also be called a PSB).*  Where the recommendation of the PSB to the deciding official is for separation during the probationary period, the PSB must indicate whether the proposed removal is based on substandard care, professional incompetence or professional misconduct.  Separation is always an automatic revocation of privileges but if the recommendation is based, even in part, on substandard care, professional incompetence, or professional misconduct, the probationary employee must be afforded due process procedures for the revocation of privileges.  The summary review conducted by the PSB is not sufficient due process for the purposes of reporting the provider to the NPDB.   If the recommendation to separate is sustained by the deciding official, the employee's privileges are automatically revoked, and if the reasons were in whole or in part due to substandard care, professional misconduct or professional incompetence, the fair hearing process must be initiated after the separation.

The employee is entitled only to the due process procedures that are outlined below to determine if the revocation of privileges that occurred with the separation is based on substandard care, professional incompetence or professional misconduct.  This is the only decision to be made by the Fair Hearing Panel, and has no impact upon his/her employment.  Upon conclusion of the due process procedures if the reason for the revocation is sustained as substandard care, professional incompetence or professional misconduct, reporting to the National Practitioner Data Bank (NPDB) is required for physicians and dentists in accordance with VHA Handbook 1100.17 and 1100.19.  Even though privileged providers other than physicians and dentists are not reported to the NPDB due process must be afforded to all privileged providers to determine if the revocation of privileges was due to substandard care, professional incompetence, or professional misconduct since they must respond accordingly on future licensure, privileging, and malpractice insurance applications.

Fair Hearing Procedure:

1. After the decision is made to separate the probationary Title 38 employee, the provider is issued a decision memorandum with an effective date of separation.  After the issuance of that letter, the provider will receive notification in a separate letter that the termination constitutes an automatic revocation of privileges and that the PSB's recommendation was that the separation and subsequent revocation involved issues related to substandard care, professional incompetence, or professional misconduct.  The provider is entitled to a fair hearing.  The notice to the provider must include:

   - A description of the substandard care, professional incompetence or professional misconduct that is the basis of the revocation;
   - If the provider is a physician or dentist, the notice must indicate that if a revocation of privileges is sustained by the fair hearing, the revocation is reportable to the NPDB, with a copy to all State licensing boards (SLB) in which the physician or dentist holds a license and in the State in which the facility is located;
   - Statement of the provider's right to be represented by an attorney or other representative of the provider's choice throughout the proceedings;
   - Information on how to request a fair hearing; and

- Information on how to request information concerning the revocation of privileges that is not restricted by law or regulation.

2. The facility Director must appoint a review panel including a minimum of three professionals, within 5 business days after receipt of the provider's request for a hearing. At least two members of the panel will be members of the provider's same profession.  If specialized knowledge is required, at least one member of the panel must be a member of the provider's specialty.   This hearing is restricted to whether the automatic revocation of privileges was for substandard care, professional incompetence or professional misconduct.  This hearing has nothing to do with the separation during probationary period, which is a separate and distinct process previously completed.  The panel will conduct a review and a hearing in accordance with the process previously described in this document but in general:

   a. The provider is to be notified in writing of the date, time, and place of the hearing.  The date of the hearing must not be less than 20 business days and not more than 30 business days from the date of notification letter.

   b. b. During such hearing, the provider has the right to:

      (1) Be present throughout the evidentiary proceedings.
      (2) Be represented by an attorney or other representative of the provider's choice. NOTE: If the provider is represented, this individual is allowed to act on behalf of the provider including questioning and cross-examination of witnesses.
      (3) Cross-examine witnesses.  NOTE: The provider has the right to purchase a copy of the transcript or tape of the hearing.

   c. The panel must complete the review and submit the report within 15 business days from the date of the close of the hearing. Additional time may be allowed by the facility Director for extraordinary circumstances or cause.

   d. The panel's report, including findings and recommendations concerning whether the revocation was for substandard care, professional incompetence or professional misconduct, must be forwarded to the facility Director, who has authority to accept, reject, accept in part, or modify the review panel's recommendations. NOTE: If the facility Director accepts the review panel's recommendations substantiating substandard care, professional incompetence or professional misconduct of a physician or dentist in part or in whole is reportable to the NPDB in accordance with VHA policy on NPDB reporting.

   e. The facility Director must issue a written decision within 10 business days of the date of receipt of the panel's report.  If the revocation of provider's privileges is sustained, the written decision must indicate the reason(s). The signature of the facility Director constitutes a final action and the reduction is reportable to the NPDB only for physicians or dentists.  All other privileged providers where the Director accepts the review panel's recommendations substantiating substandard care, professional incompetence or professional misconduct are notified of such since they will need to respond to future questions for licensure, privileges, hospital affiliations and malpractice insurance in the affirmative.

   f. If the provider wishes to appeal the Director's decision, the provider may appeal to the appropriate VISN Director within 5 business days of receipt of the facility Director's decision. This appeal option will not delay the submission of the NPDB report. If the Director's decision is overturned on appeal, the report to the NPDB must be withdrawn.

   g. The VISN Director must provide a written decision, based on the record, within 20 business days after receipt of the provider's appeal. The decision of the VISN Director is not subject to further appeal.