**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Angela Joseph,

Plaintiff,

v.

Secretary of the Department of Veterans Affairs,

Defendant.

________________________________/

Case No. 19-cv-10828

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [41], DENYING PLAINTIFF'S MOTION TO STAY [43], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [27]**

On July 21, 2021, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion for summary judgment (ECF No. 41).

On July 26, 2021, Plaintiff timely filed fifteen objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72(d). (ECF No. 42.) Also on July 26, 2021, Plaintiff filed a motion to stay the proceedings pending "further information from Defendant" regarding allegedly newly discovered evidence. (ECF No. 43.)

For the reasons set forth below, Plaintiff's motion to stay is denied, her objections are overruled, and the R&R is adopted. Accordingly, Defendant's motion for summary judgment is granted.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough. (ECF No. 41, PageID.1241–1251.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v.*

*Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

## III. Analysis

### A. Motion to Stay

Plaintiff requests a stay of the proceedings so that Defendant and the Veteran's Administration ("VA") can "investigate" and respond to allegedly newly discovered evidence relevant to Plaintiff's probationary status. (ECF No. 43, ECF No. 48). Because a stay is unnecessary, Plaintiff's request is denied.

Plaintiff's motion is based on a Thrift Savings Plan letter which, she alleges, shows that the start date for her employment was inaccurately calculated. (ECF No. 43, PageID.1297.) The letter is not newly discovered evidence; it predates the R&R by two months. *Id.* Nor is it relevant. Plaintiff claims it raises questions about her status as probationary employee. *Id.* But the Magistrate Judge already held, correctly, that she cannot question this status after having relied on it to gain this Court's subject matter jurisdiction. (ECF No. 41, PageID.1257-58.)[1] Finally, Plaintiff has now received Defendant's response to the evidence and the Court has had the benefit of reviewing that response. (ECF No. 46.)

Accordingly, Plaintiff's motion to stay is denied and the Court will proceed to consider her objections to the R&R.

**B. Objections 1-2**

Plaintiff's first two objections challenge the Magistrate Judge's findings regarding the makeup of the Summary Review Board ("SRB"). Plaintiff argues that the Magistrate Judge failed to recognize that (1) the

[1] Plaintiff's objection to this part of the R&R is addressed below.

inclusion of a Nurse Practitioner and (2) the lack of hospitalists on the SRB constitute evidence of pretext. (ECF No. 42, PageID.1276-77.) Plaintiff is incorrect.

The SRB consisted of three physicians and a nurse practitioner (ECF No. 41, PageID.1259; ECF No. 30-25, PageID.1018-19.) Plaintiff first argues that the nurse was not qualified to sit on the Board and claims the R&R wrongly decided this issue against her.[2] But the Magistrate Judge did not make a factual finding regarding the nurse's qualifications. Instead, he held that "*even if*" the nurse's inclusion was in error, such an error would not show that her employer's proffered reason for terminating her was merely pretextual. (ECF No. 41, PageID.1261)

That conclusion was unquestionably correct. The SRB was assembled by the Acting Medical Center Director, Dr. Thomas Campana. (ECF No. 27-17, PageID.418 at 21:2-24:20.) Plaintiff does not accuse Campana of bias and does not argue that anyone else was involved in

[2] Whether a nurse practitioner could sit on the SRB ultimately depends on whether she is considered a qualified individual from *another* profession or a lower-ranked individual from *Plaintiff's* profession. *See* VA Handbook, Pt. II, Chap. 3, §3(a) (providing that "Board members must be at a grade and level that is equal to or higher than that of the candidate being considered) and §4 (providing that "qualified individuals from other occupations may be appointed") (ECF No. 33-3, PageID.1197.) The application of these rules was also considered during the SRB review itself. (ECF No. 42, PageID.1277.) Ultimately it was decided that the nurse practitioner would not sign the final recommendation (ECF No. 27-34.)

picking the SRB members. At no point during the summary judgment proceedings did Plaintiff explain how the inclusion of a nurse—even if wrong—could establish that the reasons given for her termination were a pretext for unlawful discrimination. Nor does she explain this in her objection. It must therefore be overruled.

Plaintiff's other complaint about the SRB—that it contained no other hospitalists—fares no better. As the R&R notes, Plaintiff does not explain why the SRB would be required to contain any hospitalists. (ECF No. 41, PageID.1260.) In any event, two members of the SRB *were* "hospitalists" in all but title. A "hospitalist is a physician who must master the specific skill set and knowledge required to treat and care for patients in the hospital."[3] The SRB contained the director of an emergency room and the supervisor of primary care at the same hospital that employed Plaintiff, both clearly physicians skilled at treating patients in a hospital (ECF No. 30-25, PageID.1018-19; ECF No. 27-34.)

---

[3] *See* American Board of Physician Specialties, *Hospitalist*, https://www.abpsus.org/hospitalist. Plaintiff does not allege she has any qualifications, such as Board Certification, beyond having mastered these skills.

Accordingly, the Magistrate Judge rightly concluded that the SRB's makeup was not factual evidence supporting pretext. Objections 1 and 2 are overruled.

**C. Objection 3**

Plaintiff also objects to the Magistrate Judge's conclusion that the VA's consultation with Dr. Schildhouse did not constitute evidence of pretext. (ECF No. 42, PageID.1278-79.) This objection simply restates her argument before the Magistrate Judge that the consult with Dr. Schildhouse was a deviation from standard practice. *Compare* (ECF No. 30, PageID.702) *with* (ECF No. 42, PageID.1279.) It is therefore improper. *Coleman-Bey*, 287 F. App'x at 422. The objection is also unpersuasive on its merits. Plaintiff again fails to explain why her supervisor's decision to seek a second opinion before sending her case to the SRB—a layer of review she admits was not required (ECF No. 41, PageID.1262)—constitutes evidence of pretext or bias. The Magistrate Judge correctly concluded that it does not. Accordingly, objection 3 is overruled.

**D. Objection 4**

The fourth objection repeats Plaintiff's prior argument that the Appeals Board's decision in her favor constitutes evidence of pretext. (ECF No. 42, PageID.1281.) She does not explain why. Perhaps the favorable determination is meant to show that her employer's reason for termination—alleged inadequate care in three separate cases—had "no basis in fact." *E.g. Oliver v. Federated Mut. Ins. Co.*, 341 Fed. App'x 108, 110 (6th Cir. 2009) (citing *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). But, as the R&R explained, that is not convincing.

First, the Appeals Board considered Plaintiff's Board Certification, not her employment. (ECF No. 30-15.) They issued no opinion about the appropriateness of Plaintiff's termination. Second, even if the Appeals Board had found that Plaintiff's termination was unwarranted, that alone would not constitute evidence of pretext. "[A]s long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect." *Sybrandt v Home Depot, U.S.A., Inc.,* 560 F.3d 553, 559 (6th Cir. 2009) (quoting *Majewski v. Auto Data Proc. Inc.*, 274 F.3d 1106, 1117 (6th Cir.

2001)); *see also Briggs v. Univ. of Cincinnati*, No. 20-4133, 2021 WL 378657, at *11 (6th Cir., Aug. 26, 2021)).

Accordingly, the fourth objection is overruled.

**E. Objections 5-10**

Plaintiff's next six objections each concern the Magistrate Judge's conclusion that summary judgment is appropriate on the issue of "cat's paw" liability. (ECF No. 42, PageID.1281-87.) Taken together they form an improper repetition of Plaintiff's entire summary judgment argument on this point. (*See* ECF No. 30, PageID.702-706); *Coleman-Bey*, 287 F.App'x at 422. Indeed, Plaintiff's discussion of objections 5-10 contains no fewer than 52 citations to her own summary judgment briefing and no citations at all to anything else. (ECF No. 52, PageID.1282-1287.) Nevertheless, the Court has considered Plaintiff's objections. They misunderstand the applicable standard and must be overruled.

Liability for employment discrimination can be appropriate where an unbiased decisionmaker is misled by biased employees into making an adverse employment decision. The elements of such "cat's paw liability" are that (1) the biased employees must have "*intended*…to cause an adverse employment action" and (2) their discriminatory actions must

be "a proximate cause of the ultimate employment action." *Chattman v. Toho Tenax America, Inc.*, 686 F.3d 339, 350-51 (6th Cir. 2012) (quoting *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011)).

Plaintiff contends that a "clique of white nurses," especially nurses Lewis and Tokarski, targeted her on the basis of her race and national origin, disrespected her, and ultimately caused her termination. (ECF No. 42, PageID.1284-85.) The Magistrate Judge rejected this theory because Plaintiff had not raised a material issue of fact as to the element of causation. (ECF No. 41, PageID.1265-66.)

Plaintiff objects by repeating her allegations of discriminatory behavior on the part of the nurses at Lutz. (ECF No. 42, PageID.1281-87.) But this is to misunderstand both the applicable law and the Magistrate Judge's decision. The Court is satisfied that Plaintiff raises an issue of fact as to discriminatory behavior at Lutz by some of her colleagues and does not read the R&R to find otherwise. But to survive summary judgment, Plaintiff must show that there is a dispute about a *material* fact, i.e., a fact that might affect the outcome of her case. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 577 U.S. 242, 248 (1986). A showing of discriminatory or biased conduct alone is not sufficient.

Plaintiff would need to raise evidence suggesting that the conduct was intended to cause, and did proximately cause, her termination. *Chattman*, 686 F.3d at 350-51.

Here, Plaintiff does not allege that any of the complaints which resulted in her termination were motivated by racial bias. Instead, she suggests that "Tokarski and Lewis encouraged the complaints." (ECF No. 42, PageID.1284.) But Plaintiff points to nothing concrete in the record to substantiate such a causal link.[4] The complaints at issue did not come from either nurse—they came from colleagues Plaintiff admits were unbiased. Even if Tokarski and Lewis' hostile attitude—combined with Lewis' misrepresentations to Plaintiff's supervisor—could raise a fact-issue regarding their intent, it could not show proximate causation.

Accordingly, the Magistrate Judge correctly rejected Plaintiff's cat's paw theory of liability and objections 5-10 are overruled.

**F. Objections 11-12**

[4] In Objection 9, Plaintiff argues that the Appeals Board determination in her favor shows that the SRB was biased by Nurse Lewis' testimony. For the reasons already discussed, the Appeals Board decision does not call the integrity of the SRB review into question.

Plaintiff's next objections concern the Magistrate Judge's recommendation that the Court grant summary judgment against her retaliation claim. In objections 11 and 12, she maintains that the Magistrate Judge incorrectly concluded that she did not engage in protected behavior when she supported Mikailu Sorie and Gabriel Mirelez. (ECF No. 42, PageID.1287-88.) Her objections are overruled.

For purposes of a Title VII retaliation claim, protected activity includes complaints of allegedly unlawful practices. *Curry v. SBC Comm's, Inc.*, 669 F.Supp.2d 805, 531 (E.D. Mich. 2009) (citing *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721 (6th Cir. 2008)). Such complaints must do more than make a "vague charge of discrimination." *Id.* (citing *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1313 (6th Cir. 1989)). For instance, *Booker* held that a complaint regarding charges alleged to be the product of "ethnocentrism" was insufficiently specific to constitute protected activity. *Booker*, 879 F.2d. at 1313.

Plaintiff notes she supported two colleagues who faced disciplinary action. In the first case, Plaintiff submitted a letter in support of Sorie, an employee who was born in Sierra Leone. Plaintiff's letter mentioned

Sorie's ethnicity and background but did not make any charges of discrimination. (ECF No. 27-38, PageID.673.) It does mention "trumped up charges," but attributes them to the fact that Sorie angered her superiors, not to racism. *Id.* In the second case, neither Plaintiff nor anyone else as much as alluded to discrimination. (*See* ECF No. 27-36, PageID.666.) Hence, the Magistrate Judge correctly held that neither case constituted protected activity under Title VII. Objections 11 and 12 must therefore be overruled.

**G. Objection 13**

In her thirteenth objection, Plaintiff argues that the Magistrate Judge incorrectly found that she failed to show the causation element of her retaliation claim. (ECF No. 42, PageID.1289.) Plaintiff's causation argument mirrors that of her discrimination claim. *Id.* As discussed above, the Magistrate Judge correctly rejected that argument. Accordingly, objection 13 is overruled.

**F. Objection 14**

Plaintiff's fourteenth objection challenges the Magistrate Judge's finding that she failed to establish, as part of her *prima facie* discrimination case, that she was replaced by a white physician. (ECF

No. 42, PageID.1290.) Although the Magistrate Judge questioned the strength of Plaintiff's argument on this point, he assumed throughout that she had established her *prima facie* case. (ECF No. 41, PageID.1254.) The R&R concluded her discrimination claims failed for other reasons, discussed at length above. Because this objection is mooted by rulings on other objections and does not correctly identify a factual finding made by the Magistrate Judge, it is overruled.

**H. Objection 15**

Finally, Plaintiff objects to the Magistrate Judge's conclusion that the issue of her probationary status was irrelevant to the summary judgment motion and should not be considered. (ECF No. 42, PageID.1291.) Plaintiff's counsel conceded during oral argument that she was a probationary employee and that she would have been required to file an administrative claim before filing in this Court had she been a full-time non-probationary employee. (ECF No. 44, PageID.1343.) Plaintiff appears to argue that she should be considered a full-time employee for purposes of the pretext element of her claim, while also maintaining that she was a probationary employee for purposes of "this case" (*Id. See also*

ECF No. 42, PageID.1291.) As the Magistrate Judge correctly held, Plaintiff cannot have it both ways. Objection 15 is overruled.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 41.) Plaintiff's Motion to Stay is DENIED (ECF No. 43) and Defendant's motion for summary judgment is GRANTED. (ECF No. 27.)

IT IS SO ORDERED.

Dated: September 23, 2021
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2021.

s/William Barkholz
Case Manager