UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Angela Joseph,

                Plaintiff,        Case No. 19-cv-10828

v.                                Judith E. Levy
                                     United States District Judge

Secretary of the Department of
Veterans Affairs,              Mag. Judge Anthony P. Patti

                Defendant.

_____/

**OPINION AND ORDER GRANTING ATTORNEY R. SCOTT OSWALD, JOHN T. HARRINGTON, KELLEE BOULAIS KRUSE, AND DAVID L. HARON'S MOTION TO WITHDRAW AS COUNSEL [55] AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [52]**

This case is before the Court on the motion for leave to withdraw as counsel filed jointly by David L. Haron and the law firm Hoyer Law Group, R. Scott Oswald, John T. Harrington, Kellee Boulais Kruse, and the law firm The Employment Law Group, P.C. (hereinafter, collectively "Plaintiff's Counsel") (ECF No. 55); as well as Plaintiff Angela Joseph's motion for reconsideration (ECF No. 52) of the Court's order adopting the July 12, 2021 Report and Recommendation ("R&R") (ECF No. 50). For

the reasons set forth below, Plaintiff's Counsel's motion to withdraw is GRANTED and Plaintiff's motion for reconsideration is DENIED.

## I. Background[1]

On October 1, 2020, Defendant filed a motion for summary judgment. (ECF No. 27.) Following full briefing on the motion (*see* ECF Nos. 30, 33), the motion was referred to Magistrate Judge Anthony P. Patti for an R&R. (ECF No. 35.) A hearing was held regarding the motion on May 6, 2021 (ECF No. 39), and on July 12, 2021, the Magistrate Judge entered the R&R, recommending that the Court grant Defendant's motion for summary judgment. (ECF No. 41.)

On July 26, 2021, Plaintiff timely filed fifteen objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72(d). (ECF No. 42.) Also on July 26, 2021, Plaintiff filed a motion to stay the proceedings pending "further information from Defendant" regarding allegedly newly discovered evidence. (ECF No. 43.) On September 23, 2021, the Court adopted the R&R, denied Plaintiff's

---

[1] The Court has previously discussed the facts giving rise to this case and the case's procedural history. (*See* ECF No. 41, PageID.1241–1251; ECF No. 50, PageID.1471–1472.) This Background section presents the facts and procedural history relevant to deciding Plaintiff's Counsel's motion to withdraw and Plaintiff's motion for reconsideration, only.

motion to stay, and granted Defendant's motion for summary judgment (ECF No. 50.) That same day, the Court entered a judgment dismissing the case with prejudice. (ECF No. 51.)

On October 21, 2021, Plaintiff filed a motion for reconsideration "of the order for Summary Judgment[.]" (ECF No. 52.) On November 16, 2021, Plaintiff filed a notice of appeal to the Sixth Circuit. (ECF No. 52.) That same day, Plaintiff's Counsel filed a motion for leave to withdraw representation. (ECF No. 55.)

## II. Plaintiff's Counsel's Motion for Leave to Withdraw Representation (ECF No. 55)

Plaintiff's Counsel moves to withdraw their appearance as counsel on behalf of Plaintiff pursuant to Eastern District of Michigan Local Rule 83.25(b)(2) and Michigan Rules of Professional Conduct 1.16(b). (ECF No. 55, PageID.1571.) Plaintiff's Counsel indicate that they seek to withdraw based on "irreconcilable differences with Plaintiff, making it impossible for [Plaintiff's Counsel] to continue representation." (*Id*.) Plaintiff did not file any opposition to Plaintiff's Counsel's motion. Furthermore, Plaintiff's motion for reconsideration, filed on October 21, 2021, states that Plaintiff "was told by counsel to appear *pro se*." (ECF No. 52, PageID.1487.)

3

Under Local Rule 83.25(b)(1), an attorney's appearance in a civil matter continues until entry of "a final order or judgment disposing of all claims by or against the party the attorney represents" or "a withdrawal or substitution order." E.D. Mich. LR 83.25(b)(1). An attorney may withdraw only on order of the Court. E.D. Mich. LR 83.25(b)(2).

The Court previously entered an order denying Plaintiff's motion to stay and granting Defendant's motion for summary judgment (ECF No. 50), in addition to entering a judgment. (ECF No. 51.) Although Plaintiff has filed a pending motion for reconsideration, Plaintiff indicated in this motion that she was filing the motion *pro se*. Nor has Plaintiff filed an opposition to Plaintiff's Counsel's motion to withdraw. Accordingly, the Court will allow Plaintiff's Counsel to withdraw because the Court has entered a judgment disposing of all claims and Plaintiff does not oppose the entry of an order granting Plaintiff's Counsel's request to withdraw representation.[2]

---

[2] The Court notes that, before Plaintiff's Counsel filed their motion to withdraw as counsel for Plaintiff, Plaintiff filed a Notice of Appeal. (*See* ECF No. 53.) However, the granting of Plaintiff's Counsel's motion to withdraw as counsel has no bearing on the separate question of any possible representation relationship between Plaintiff and Plaintiff's Counsel for Plaintiff's appeal to the Sixth Circuit. *See*, *e.g.*, Fed. R. App. P. 12. All matters before *this* Court have been terminated. The Court's granting of Plaintiff's Counsel's motion to withdraw is limited to

### III. Plaintiff's Motion for Reconsideration (ECF No. 50)

Plaintiff's motion for reconsideration states that she requests reconsideration of "the order for Summary Judgment[.]" (ECF No. 52.) The Court interprets Plaintiff's motion as seeking reconsideration of the Court's order adopting the July 12, 2021 R&R and granting Defendant's motion for summary judgment (ECF No. 50).

### a. Legal Standard

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1,[3] a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that

---

proceedings in this Court, only, in line with Local Rule 83.25(b). Furthermore, while the filing of a Notice of Appeal generally divests this Court of jurisdiction, the Sixth Circuit has ordered that the appeal be held in abeyance until after this Court rules on pending motions. *Angela Joseph v. Denis Richard McDonough*, Case No. 21-1736, Document No. 3 (6th Cir. November 17, 2021). Accordingly, the Court retains jurisdiction for the purposes of granting Plaintiff's Counsel's motion to withdraw as counsel.

[3] Local Rule 7.1 was amended effective December 1, 2021. Because Plaintiff filed her motion in October 2021—before the amendments to Local Rule 7.1 took effect—the Court applies the old version of the rule in analyzing Plaintiff's motion. *See State Farm Fire & Cas. Co. v. Perry*, No. 21-cv-11128, 2022 WL 163613, at *1 n.1 (E.D. Mich. Jan. 18, 2022) ("using the old legal standard" to analyze a motion for reconsideration that was filed before the December 1, 2021 amendments to Local Rule 7.1 took effect). Therefore, references to Local Rule 7.1 that appear in this Opinion and Order are to the old version of the rule.

correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if they "raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007); *see Versah, LLC v. UL Amin Indus.*, No. 2:20-cv-12657-TGB-RSW, 2021 WL 493385, at *2 (E.D. Mich. Feb. 10, 2021) ("[I]t is well-settled law that parties cannot use a motion for reconsideration to raise new arguments or evidence that could have been presented earlier."). "Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence." *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (citing *Basinger v. CSX Transp., Inc.*, No. 94-3908, 1996 WL 400182, at *3 (6th Cir. July 16, 1996)).

"Analogous to Federal Rule of Civil Procedure 59, motions for reconsideration under Local Rule 7.1(h) 'are aimed at *re* consideration, not initial consideration.'" *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011) (emphasis in original) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Additionally, *pro se* filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Despite this liberal construction, *pro se* litigants are bound by court rules. *See McNeil v. United States*, 508 U.S. 106, 113, (1993) ("[The Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### b. Analysis

As a preliminary matter, Plaintiff's motion for reconsideration is untimely. "[A] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR

7

7.1(h)(1). The Court's order adopting the R&R and granting Defendant's motion for summary judgment, and the related judgment, were both entered on September 23, 2021. (ECF Nos. 50, 51.) Plaintiff's motion for reconsideration was filed on October 21, 2021 (ECF No. 52)—more than 14 days after entry of the September 23, 2021 order at issue. Nor does Plaintiff's status as a *pro se* litigant affect the deadline imposed under Local Rule 7.1(h)(1). *See Bunting v. Hansen*, No. 05-10116, 2007 WL 1582236 (E.D. Mich. May 31, 2007) ("[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991))).

Furthermore, even were the Court to consider Plaintiff's untimely motion, the Court denies Plaintiff's motion to reconsider because she has not made the necessary showing of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

Plaintiff's motion for reconsideration requests the Court "consider documents which were somehow missed by counsel, and which allow for

8

consideration of the facts relevant to the case." (ECF No. 52, PageID.1487.) Plaintiff also attaches twelve exhibits (*see id.* at PageID.1488, 1494–1567) and offers a brief explanation of each exhibit. (*See id.* at PageID.1489–1491.) However, Plaintiff does not identify any palpable defect in the R&R recommending the Court grant Defendant's motion for summary judgment or in the Court's order adopting the R&R. Plaintiff could have presented all of the twelve exhibits and any arguments stemming from them "before a judgment was issued" but did not. *Roger Miller Music, Inc.*, 477 F.3d at 395; *Versah, LLC*, 2021 WL 493385, at *3 (concluding that a "motion for reconsideration is improper because it raises arguments and evidence that could have been considered in an earlier proceeding"). Accordingly, presentation of the twelve additional exhibits constitutes improper grounds on which to move for reconsideration. *See* E.D. Mich. LR 7.1(h)(3); *Versah, LLC*, 2021 WL 493385, at *3 (stating that courts in this district "have determined that 'a motion for reconsideration is not properly used as a vehicle . . . to advance positions that could have been argued earlier but were not'" (quoting *Smith ex rel. Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003), and collecting cases)).

9

Fundamentally, "a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing." *Collins*, 834 F. Supp. 2d at 641 (citing *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (E.D. Mich. 2001)). Here, Plaintiff's motion for reconsideration presents arguments and evidence that Plaintiff could have included and appended to her response to Defendants' motion for summary judgment. Accordingly, Plaintiff is not entitled to the relief she seeks.

Moreover, Plaintiff fails to "demonstrate . . . that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Plaintiff makes no argument in her motion for reconsideration as to how correcting any palpable defect will alter the outcome of this case. Plaintiff's failure to make this showing provides an additional basis for denying her motion. *See Dunbar v. Booker*, No. 07-10993, 2007 WL 2421535, at *1 (E.D. Mich. Aug. 27, 2007) (concluding that "Petitioner's motion for reconsideration will be denied as Petitioner has failed to demonstrate that correcting the Court's error will result in a different

disposition of this case"). Accordingly, the Court denies Plaintiff's motion for reconsideration.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Counsel's motion to withdraw is GRANTED. (ECF No. 55.) Plaintiff's motion for reconsideration (ECF No. 52) is DENIED.

IT IS SO ORDERED.

Dated: May 2, 2022　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2022.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager