**NOT RECOMMENDED FOR PUBLICATION**

No. 21-1736

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 27, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ANGELA JOSEPH, | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| DENIS RICHARD MCDONOUGH, Secretary of | ) MICHIGAN |
| Veterans Affairs, | ) |
| | ) |
| Defendant-Appellee. | ) |

O R D E R

Before: GUY, SUHRHEINRICH, and STRANCH, Circuit Judges.

Angela Joseph, a Michigan resident proceeding pro se, appeals the district court's grant of summary judgment to the Secretary of the Department of Veterans Affairs ("Secretary"). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Joseph, a physician born in India, filed a complaint against the Secretary for monetary and injunctive relief, alleging that, during her probationary employment period, she was subjected to employment discrimination on the basis of her race and national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964. Joseph worked as a hospitalist at the Aleda E. Lutz Veterans Affairs ("VA") Medical Center in Saginaw, Michigan from 2016 until the termination of her employment in August 2018. In May 2018, five staffers at the VA Medical Center raised complaints about Joseph's care of three patients. After reviewing the incidents, Sally Lewis, the assistant chief of medicine, and Dr. Anthony Albito, the chief of medicine, recommended to Dr. Barbara Bates, the Saginaw VA chief of staff, that Joseph be suspended pending further review.

Joseph's clinical privileges were later administratively suspended. Bates assigned two uninvolved employees to investigate one of the patient incidents, and she arranged for Dr. Richard Schildhouse, the section chief for hospital medicine at the Ann Arbor VA Healthcare System, to review the other incidents. Schildhouse concluded that Joseph did not meet the required standard of care during either incident. Albito subsequently requested, and Bates approved, the convening of a summary review board to consider Joseph's conduct. The summary review board concluded that Joseph exercised poor medical judgment in the three patient incidents and recommended terminating her employment. Bates approved the recommendation.

On July 12, 2021, a magistrate judge recommended granting the Secretary's motion for summary judgment. Joseph objected to the recommendation and moved the district court to stay its consideration until the Secretary could respond to evidence that she recently obtained. That evidence consisted of a letter from the Thrift Savings Plan ("TSP"), dated May 25, 2021, noting that Joseph's TSP service computation date was March 14, 2016. Joseph claimed that the letter was relevant because it addressed when her probationary employment period ended. The district court adopted the magistrate judge's recommendation and granted summary judgment to the Secretary. The court also denied Joseph's motion for a stay because the TSP letter was available prior to the magistrate judge's recommendation, the Secretary had responded to the letter, and the letter was irrelevant to the Secretary's motion for summary judgment.

On appeal, Joseph argues that the district court erred by denying her motion for a stay and granting summary judgment to the Secretary. We review de novo a district court's grant of summary judgment. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 759 (6th Cir. 2010). Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 759-60.

Joseph first argues that the district court erred by granting summary judgment to the Secretary on her claim of discrimination. A discrimination claim under Title VII that is based on circumstantial evidence, such as Joseph's, is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021). Under that framework, the plaintiff must first

establish a prima facie case of discrimination by producing evidence that she is a member of a protected class, she suffered an adverse employment action, she was qualified for the position, and she was replaced by someone outside the protected class or treated differently than similarly situated, non-protected employees. *Id.* If the plaintiff makes a prima facie case, the defendant must articulate a legitimate, non-discriminatory reason for its action. *Id.* If the defendant does so, the plaintiff must produce evidence that the proffered reason was a mere pretext for discrimination. *Id.* at 508-09.

Assuming that Joseph made a prima facie case of discrimination, the Secretary set forth a legitimate, non-discriminatory reason for terminating her employment by relying on the findings of Dr. Schildhouse and the summary review board that Joseph's patient care was substandard. *See Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 814-15 (6th Cir. 2011) (noting that, to meet its burden, a defendant need only present evidence raising a genuine dispute of fact as to whether it discriminated against the plaintiff); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). Thus, the burden shifts to Joseph to show that the proffered reason for her termination was a mere pretext for discrimination. A plaintiff "may establish pretext by showing that the proffered reason '(1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to warrant the adverse action.'" *Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 558 (6th Cir. 2009) (quoting *Ladd v. Grand Trunk W. R.R.*, 552 F.3d 495, 502 (6th Cir. 2009)).

Joseph first argues that she can demonstrate pretext based on the evidence relating to when her probationary employment period ended. In its motion for summary judgment, the Secretary contended that Joseph was a probationary employee from October 30, 2016, until her termination on August 27, 2018. Joseph contended in response that she was appointed as a full-time staff member on June 29, 2016, and that her probation period ended two years later. The parties presented evidence showing that (1) in October 2016, the VA recognized that, although Dr. Bates approved Joseph's permanent appointment in June 2016, Joseph could not begin at that time due to agency regulations, and (2) Joseph did not begin the permanent position until October 2016. Joseph's argument fails to show pretext because she has not explained how the evidence relating to her probationary status casts doubt on the proffered reason for her termination in 2018.

Joseph next argues generally that she can demonstrate pretext based on (1) the composition of the summary review board, which did not comply with agency regulations, and (2) Bates's solicitation of Dr. Schildhouse's opinion, which was not contemplated by agency regulations. The summary review board included Dr. John MacMaster, a family practitioner; Dr. Nazzareno Liegghio, a psychiatrist; Dr. Mark Greenwell, a family physician who was the director of an emergency room; and Virginia Rolland, a nurse practitioner who did not sign the board's recommendation. Joseph's arguments fail to show pretext. She does not show that Dr. Schildhouse or any of the board members were biased against her. Nor does she explain how the composition of the board or Bates's solicitation of Schildhouse's opinion suggests that the proffered reason for her termination was pretextual.

Joseph next argues that she can demonstrate pretext based on the fact that an appeals board panel that considered whether to report Joseph to the National Practitioner Data Bank or to the state medical board concluded that she met the standard of care in each of the three cases giving rise to the termination of her employment. That evidence is insufficient to establish pretext because it provides only "an alternative assessment" of Joseph's performance rather than establishing that Dr. Bates's termination decision was "so unreasonable as to be pretext for discrimination." *See Davis v. Univ. of Louisville*, No. 21-6240, 2022 WL 16730039, at *3 (6th Cir. Nov. 7, 2022); *see also Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 590-91 (6th Cir. 2014) (explaining that under the "honest-belief rule," an employer is entitled to summary judgment on pretext even if its conclusion is later shown to be mistaken, so long as it made a reasonably informed and considered decision before taking the adverse employment action).

Joseph next argues that she can demonstrate pretext under the cat's paw theory of liability because Lewis and nurse Christina Tokarski improperly influenced Dr. Bates to engage in a discriminatory employment action. Cat's paw "refers to a situation in which a biased subordinate, who lacks decisionmaking power, uses the formal decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory employment action." *Bose v. Bea*, 947 F.3d 983, 989 (6th Cir. 2020) (quoting *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 484 (10th Cir. 2006)); *see Flowers v. WestRock Servs., Inc.*, 979 F.3d 1127, 1134 (6th Cir. 2020) (noting that the biased subordinate's conduct must be a proximate cause of the adverse employment action). "However, when a

decisionmaker makes a decision based on an independent investigation, any causal link between the subordinate's retaliatory animosity and the adverse action is severed." *Roberts v. Principi*, 283 F. App'x 325, 333 (6th Cir. 2008).

Joseph cannot establish pretext based on the cat's paw theory of liability because she did not present evidence that Bates's decisionmaking process was influenced in any significant way by Tokarski or Lewis, as opposed to the independent opinions of Dr. Albito, Dr. Schildhouse, and the summary review board, which reached its conclusion after reviewing all the relevant evidence.

Joseph also argues that the district court erred by granting summary judgment to the Secretary as to her retaliation claim. "Title VII prohibits discriminating against an employee because that employee has engaged in conduct protected by Title VII." *Laster v. City of Kalamazoo*, 746 F.3d 714, 729 (6th Cir. 2014). "[A] Title VII retaliation claim can be established 'either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation.'" *Id.* at 730 (quoting *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 538 (6th Cir. 2008)). Because Joseph relies on circumstantial evidence, we analyze her claim under the *McDonnell Douglas* burden-shifting framework. *See id.* To make a prima facie case of retaliation, a plaintiff must produce evidence that she engaged in protected activity, the defendant knew of the activity, the defendant took a materially adverse action against the plaintiff, and there was a causal connection between the protected activity and adverse action. *Id.*

The district court properly granted summary judgment to the Secretary as to Joseph's retaliation claim because she did not present evidence that she engaged in protected activity. Joseph contends that she engaged in protected activity by (1) sending an email in support of nurse manager, Mikailu Sorie, who was under investigation, and (2) supporting a grievance filed by nurse's aide, Gabriel Mirelez, that contested disciplinary action taken against Mirelez due to his alleged failure to set a bed exit alarm. "For a plaintiff to demonstrate a qualifying 'protected activity,' he must show that he took an 'overt stand against suspected illegal discriminatory action.'" *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 489 (6th Cir. 2020) (quoting *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012)). Joseph's email in support of Sorie does not qualify as protected activity because, although it separately mentioned Sorie's national origin and the term

"retaliation," it did not assert any claim of illegal discriminatory action. *See Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 345 (6th Cir. 2021) (noting that a vague charge of discrimination does not qualify as protected activity); *Khalaf*, 973 F.3d at 490. Likewise, the evidence concerning Joseph's support of Mirelez's grievance does not show that Joseph ever suggested that illegal discriminatory action had occurred.

Finally, Joseph argues that the district court erred by denying her motion for a stay pending the Secretary's response to her newly presented letter from the TSP. The district court did not err in denying a stay because, by the time it adopted the magistrate judge's recommendation, the Secretary had responded to Joseph's newly presented evidence. And, in any case, the letter discussing Joseph's TSP service computation date had no bearing on the Secretary's summary judgment motion because it did not suggest that the proffered reason for Joseph's termination was pretextual, which was its only possible relevance.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/27/2022.

**Case Name:** Angela Joseph v. Denis McDonough
**Case Number:** 21-1736

**Docket Text:**
ORDER filed : We AFFIRM the district court's judgment. Decision not for publication, pursuant to FRAP 34(a)(2)(C). Mandate to issue. Ralph B. Guy, Jr., Circuit Judge; Richard F. Suhrheinrich, Circuit Judge and Jane Branstetter Stranch, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Angela Joseph
1102 Woodside Drive
Flint, MI 48503

**A copy of this notice will be issued to:**

Mr. James Joseph Carty
Ms. Kinikia D. Essix